**In re Lauren R. POOL and Jo Ann Pool, Debtors.**

**Robert POOL, Plaintiff,**

v.

**Lauren R. POOL and Jo Ann Pool, Defendants.**

Bankruptcy No. 3–82–02202.
Adv. No. 83–7291.

United States Bankruptcy Court,
D. Minnesota,
Sixth Division.

Dec. 12, 1983.

Daniel Letnes, Grand Forks, N.D., for plaintiff.

Roger Minch, Fargo, N.D., for defendants.

---

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The above-captioned adversary case is before the Court on the Plaintiff's Complaint for relief from stay. Before reaching that issue, the Court will first address the procedural question of whether the Plaintiff is foreclosed from prosecuting the instant complaint by operation of the Rules and Code provisions prescribing time limits for filing such actions.

The time limits issue was raised at a pre-trial conference held on October 14, 1983. Present was Atty. Daniel Letnes, representing the Plaintiff, and Atty. Roger Minch, representing the Defendants. At the conclusion of the hearing, the Court advised the parties that a final decision would be rendered on the basis of the preliminary hearing and submitted briefs unless either party requested a final hearing. Briefs have been submitted, and neither party has requested a final hearing. Thus, this opinion will be dispositive of the prayed for relief as well as the issue of time limits.

The parties are in essential agreement as to the critical dates involved.

The Debtor/Defendants filed a Chapter 11 petition on November 16, 1982. The First Meeting of Creditors was held on January 5, 1983. The last day for filing an objection to discharge was March 5, 1983, and the last day for filing proof of claims was July 5, 1983.

The Plaintiff filed his Complaint praying for relief from automatic stay on July 11, 1983, seeking a lifting of the stay in order that he might proceed with prosecution of a civil action against the Debtor, Lauren Pool, venued in Hennepin County, Minnesota. By his Complaint, the Plaintiff alleges the State Court case was set for trial commencing the week of March 7, 1983, but was stayed by operation of section 362. The Plaintiff was not listed as a creditor in the Debtors' Chapter 11 petition, but the fact of the pending State Court civil action was noted in his Statement of Affairs. The Plaintiff claims that despite not being notified in the capacity of a creditor, he became aware of the Debtors' bankruptcy when on March 7, 1983, the day the state case was set for trial, his attorney received a telephone call from the Debtors' attorney advising him of the bankruptcy filing. Although the Defendant argues that the Plaintiff possibly had notice of the filing prior to March 7, there is no evidence of that fact, and it seems unlikely that the Plaintiff would continue to proceed with his state civil action all the way to trial date if such information was known beforehand. The Court, therefore, accepts March 7 as the date the Plaintiff first had knowledge. The Plaintiff thereafter, on his own, apparently contacted the Bankruptcy Clerk's Office and received a copy of the Petition and the Schedules but did not receive any notice of the respective deadlines nor did he receive a proof of claim form. As of October 14, 1983, no proof of claim had been filed. The Defendant/Debtors argue that the Plaintiff is prevented from continuing this adversary case because he failed to file the action within sixty (60) days following the date of the First Meeting of Creditors (January 5, 1983) as required by Local 5(d) adopted in Minnesota and North Dakota pursuant to Rule 409(a)(2) of the 1973 Bankruptcy Rules. The Plaintiff places primary reliance upon section 523(a)(3)(B) and asserts that although he had knowledge of the bankruptcy, he did not have notice by reason of the Debtors' failure to list him as a creditor and which failure made it impossible to file a request for a determination of dischargeability. The Plaintiff, however, concedes he had adequate notice within which to timely file a proof of claim.

Section 523(a)(3)(B) provides that a discharge does not discharge a debtor from any debt neither listed nor scheduled (on the list of creditors) in time to permit timely filing of a proof of claim and a timely request for a determination of dischargeability under subsection (6) *unless* the creditor had notice or actual knowledge of the case in time for such timely filing and request. The Court considers the acts of filing a proof of claim and request for determination of dischargeability to be mutually

exclusive of each other. Notice may not be sufficient for the making of a timely request yet it may be sufficient for a timely filing of a proof of claim.

 In the instant case, the telephone call of March 7, 1983, was actual notice and from that point there still remained five (5) months within which the Plaintiff could have filed a proof of claim. He did not do so. This brings us to the question of whether the failure to timely file a proof of claim operates to preclude the Plaintiff from requesting a determination as to the dischargeability. The Court holds it does not. The Debtors did not list the Plaintiff in their schedules and by March 7, 1983, the date the Plaintiff first became aware of the filing, the last day for objecting to dischargeability had passed. The Plaintiff, therefore, while not able to file a proof of claim, could still maintain a complaint to determine dischargeability. Section 501(a) makes the filing of a proof of claim permissive where some purpose would be served. If, in fact, the plaintiff's claim against the defendant is non-dischargeable then there may be no purpose in filing a proof of claim because the plaintiff would have the right to proceed against the debtor directly on the non-discharged claim. It would seem then that section 726 may be inapplicable to the present consideration.

From the record presently before the Court, there can obviously be no determination made as to the amount which may be non-dischargeable by virtue of section 523(a)(6). Nor can this Court at this time make an ultimate decision as to whether the acts complained of by the Plaintiff will be found to constitute wilful and malicious conduct. The determination of these issues must be left to the State Court. From the allegations set forth in the Plaintiff's Complaint for relief from stay, it may be said, however, that such actions on the part of the Defendant, Lauren Pool, if ultimately established at trial, would constitute a non-dischargeable debt under section 523(a)(6).

Therefore, and for the reasons herein stated, the Plaintiff is granted relief from the automatic stay in order to prosecute his State Court civil action.

IT IS SO ORDERED.